Elias WILLIAMS and Betty Williams, Plaintiffs,

v.

CITY OF DETROIT, Sergeant Ronald Murphy, P.O. John Doe, Other Unknown Detroit Police Officers, and John Doe II, SOI # 371, Unknown Informant/Agent, Defendants.

Civ. A. No. 92–76024.

United States District Court, E.D. Michigan, S.D.

Feb. 16, 1994.

John P. Quinn, and Calvert A. Bailey, City of Detroit Law Dept., Detroit, MI, for defendants.

Kenneth M. Davies, Detroit, MI, for plaintiffs.

## *MEMORANDUM OPINION AND ORDER*

GADOLA, District Judge.

Plaintiffs Elias and Betty Williams filed this action in state court based on events that arose out of a narcotics raid on their home by Detroit police officers. Defendants removed the action to this court. On its own motion,

the court remanded plaintiffs' state law causes of actions, retaining jurisdiction over plaintiffs' claims made pursuant to 42 U.S.C. § 1983.[1] Defendants City of Detroit and Sergeant Ronald Murphy have each filed a motion for summary judgment. Plaintiffs agree that their claim against the City of Detroit should be dismissed. As a result, the court will only address the motion raised by defendant Murphy. For the reasons discussed below, the court will deny defendant Murphy's motion.

## I. Facts

On July 12, 1992, Detroit police officers broke into and raided the wrong house in a search for evidence of drug trafficking. The house was the home of Elias and Betty Williams located at 2638 Buena Vista in Detroit, Michigan. The search was executed pursuant to a warrant obtained by defendant Murphy and was based on his affidavit.

Three days before the raid, Murphy sent an informant to make a controlled drug buy. The circumstances of the buy are described as follows in Murphy's affidavit:

> 7–9–92 the affiant met with [the informant] to formulate a plan to make a controlled purchase of narcotics from [2638 Buena Vista]. The affiant ... instructed the [informant] to attempt a purchase of narcotics from the above location. The affiant observed the [informant] go directly to 2638 Buena Vista, go inside, stay a short time and returned directly to the affiant. The [informant] stated that he/she went to the location, 2638 Buena Vista lower flat, knocked on the door and was met by the above seller. The [informant] then stated that he/she exchanged an amount of secret service funds with the seller for 1–ziplock packs of suspected cocaine.

The facts presented in the depositions of the informant and of Murphy establish that several of the assertions in the affidavit are wrong. It appears that the house at 2638 Buena Vista was not the initial target of the drug buy. The police were responding to reports of foot traffic that appeared to indicate drug activity. The informant was sent down an alley that runs parallel to Buena Vista. The informant followed the path of the foot traffic until he came to a house where an individual looked out from behind some drapes in a window. The individual came outside into the backyard of the house and into the alley where he proceeded to sell drugs to the informant. Apparently, the informant never went inside 2638 Buena Vista, and Murphy did not actually see where the informant purchased the drugs. Murphy merely picked up the informant after he returned from his trip down the alley. Murphy and the informant then drove down Buena Vista until the informant pointed out the house at 2638 Buena Vista as the house from which the individual had exited to sell him cocaine.

In any event, when it was searched, the house at 2638 Buena Vista contained an elderly couple, the plaintiffs, but no evidence of any drug activity. Plaintiffs have brought suit pursuant to section 1983 alleging that the search of their home was unreasonable. Defendant Murphy claims that the search warrant he obtained was valid, and that, therefore, the search executed pursuant to the warrant was reasonable.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must

---

1. After the court remanded plaintiffs' state law claims, plaintiffs filed an amended complaint restating their federal and state law claims. However, all of the parties, as well the court, agree that plaintiffs' state law claims are now in state court and no longer remain in this case.

view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence

that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## III. Analysis

Plaintiffs attack the validity of the warrant obtained by defendant Murphy. They claim that Murphy's affidavit contained material false statements. In particular, plaintiffs note that their house, 2638 Buena Vista, was incorrectly identified as the source of the drug activity.

The Sixth Circuit has established that "[a]n action under § 1983 does lie against an officer who obtains an invalid search warrant by making in his affidavit, material false statements either knowingly or in reckless disregard for the truth." *Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir.1989) (citing *Donta v. Hooper*, 774 F.2d 716, 718 (6th Cir.1985) (per curiam), *cert. denied*, 483 U.S. 1019, 107 S.Ct. 3261, 97 L.Ed.2d 760 (1987)). In *Hill*, police officers raided and searched the wrong house for narcotics. The officer who had obtained the warrant had identified a house next to the house where the drug dealing was allegedly occurring. His mistake was based on information provided by an informant who had given a description of the house to be searched. After the close of plaintiff's case, the district court granted defendants' motion for a directed verdict based on the validity of the warrant. The Sixth Circuit reversed, holding that it was up to the jury to decide whether the officer displayed a reckless disregard for the truth when he mistakenly identified the house. *Id.*

This case presents basically the same facts addressed by the Sixth Circuit in *Hill*. Defendant Murphy apparently relied upon information supplied by an informant. There are factual questions remaining regarding the way in which Murphy verified that information. Given the fact that it appears that Murphy never observed the informant go

inside 2638 Buena Vista, as asserted in his affidavit, the reliability of the identification of the house is at issue.

It is a question for the jury to decide if defendant Murphy acted with reckless disregard for the truth in obtaining a search warrant for 2638 Buena Vista. There exist material questions of fact concerning the care he took in identifying the house where the drug deal engaged in by his informant took place. The parties appear to agree that the deal did not take place in, or out of, 2638 Buena Vista. This false identification of the house in the affidavit in support of the search warrant is material. The question that remains is whether the misidentification of the house resulted from defendant Murphy's reckless disregard for the truth. It is clear that an officer's care, truthfulness, and intent at the time he applied for the warrant is one of fact for the jury. *See, e.g., Hindman v. City of Paris,* 746 F.2d 1063, 1067 (5th Cir. 1984). As a result, the court will deny defendant Murphy's motion for summary judgment.[2]

### *ORDER*

Therefore, it is hereby **ORDERED** that defendant Murphy's motion for summary judgment is **DENIED.**

It is further **ORDERED** that plaintiffs' claim against defendant City of Detroit is **DISMISSED.**

**SO ORDERED.**

---

**2.** The other police officers who were involved in the search, but who did not obtain the warrant, may deserve summary judgment. They may have been entitled to rely on a facially valid warrant, and their conduct during the search may have been reasonable. *Hill,* 884 F.2d at 276–78. Resolution of those issues, however, must wait for the identification of the other officers involved.